**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-02751-KK-PVCx** | Date: | January 20, 2026 |

| | |
|---|---|
| Title: | ***Fernando Gastelum v. HP LQ Investment LP*** |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DISMISSING the Instant Action Without Prejudice for Failure to Prosecute**

**I.**
**PROCEDURAL HISTORY**

On October 16, 2025, Fernando Gastelum ("Plaintiff") filed a Complaint against HP LQ Investment LP ("Defendant"), asserting Unruh Act and Americans with Disabilities Act claims. ECF Docket No. ("Dkt.") 1.  On October 27, 2025, Plaintiff served Defendant, setting Defendant's Answer deadline for November 17, 2025.  Dkt. 15.  On November 18, 2025, Plaintiff petitioned the Clerk to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).  Dkt. 16. On November 19, 2025, the Clerk entered default against Defendant.  Dkt. 17.

Pursuant to the Court's Standing Order, the motion for default judgment against Defendant was due within 14 days after entry of default.  See Dkt. 9.  Plaintiff, however, did not file a timely Motion for Default Judgment.  Thus, on January 12, 2026, the Court issued an Order to Show Cause ("OSC") as to why Plaintiff's action should not be dismissed for failure to prosecute.  Dkt. 18.  The Court ordered Plaintiff to file a response to the Order no later than "seven days from the date of [the] Order" and specifically warned Plaintiff "**failure to timely file a response to this Order will result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders.**"  Id. (citing Fed. R. Civ. P. 41(b)).

To date, Plaintiff has not filed a Response to the Court's OSC.  Plaintiff is, thus, in violation of the Court's Orders.

---

**JS-6**

///

## II.
## <u>DISCUSSION</u>

It is well established that district courts have <u>sua sponte</u> authority to dismiss actions for failure to prosecute or comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) <u>sua sponte</u>); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)), <u>overruled on other grounds by</u> <u>Langere v. Verizon Wireless Servs., LLC</u>, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not filed a motion for default judgment or response to the Court's January 12, 2026 OSC. Dkt. 18. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. <u>See</u> <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. <u>See</u> Dkt. 18. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise prosecute this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, <u>see</u> <u>W. Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, <u>see</u> Dkt. 18.

**JS-6**

///

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.  (JS-6)

**IT IS SO ORDERED.**